UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDWARD MALDONADO,

               Plaintiff,

   - against -

MENACOLA MARKETING, INC. AND
RICARDO PHILLIPS,

               Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
12–CV–6236 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

     Plaintiff Edward Maldonado, proceeding *pro se*, commenced this action on December 14, 2012, alleging that his former employer, defendant Menacola Marketing, Inc., and manager, defendant Phillips, discriminated against him and terminated his employment on the basis of his race and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17.  (Compl. (Doc. No. 1).)

     For the reasons stated below, the complaint is dismissed for failure to prosecute.

### BACKGROUND

     On March 1, 2013, the Court ordered a briefing schedule for defendants' proposed motion to dismiss for failure to state a claim.  (Mar. 1, 2013 Order.)  The Court subsequently granted plaintiff's motion for a one-month extension, until May 15, 2013, to file his opposition to defendant's motion.  (Doc. No. 8.)

     On May 29, 2013, defendants filed their motion to dismiss.  (Doc. No. 13).  Plaintiff did not file opposition papers.  Defendants represented, in a letter they filed with their motion, that on May 20, 2013, plaintiff told defense counsel that plaintiff had declined to file opposition papers because plaintiff "will not be pursuing the matter."  (Doc. No. 13–4.)

On July 3, 2013, the Court issued an order (1) directing plaintiff to file, by July 31, 2013, a response indicating whether he intended to pursue this action, and (2) stating that if plaintiff failed to comply with the order, the Court would dismiss this action for failure to prosecute. (July 3, 2013 Order.)  The docket reflects that the Court mailed plaintiff a copy of this order on the same date.

Because plaintiff failed to comply with this order, the Court, in an "abundance of caution," issued an order to show cause on August 19, 2013 directing plaintiff to file a letter by September 3, 2013 "advising as to whether he intends to pursue this action, and if so, why he failed to submit an opposition to defendant's motion to dismiss."  (Aug. 19, 2013 Order.)  The Court warned plaintiff again that "failure to timely file this letter, or otherwise comply with this Order, will result in dismissal of this action for failure to prosecute."  (*Id.*)  A copy of this order was delivered by Federal Express to plaintiff on August 20, 2013.  *See*, https://www.fedex.com/fedextrack/index.html?tracknumbers=801005110287&cntry_code=us (last visited September 12, 2013).  Plaintiff failed to comply with this order as well.

## DISCUSSION

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases."  *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).  The Federal Rules expressly empower a district court to exercise its discretion to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575.

Because dismissing an action for failure to prosecute is a "harsh remedy," *Lewis*, 564 F.3d at 576 (citations omitted), a court contemplating doing so should examine whether (1) the

plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff received notice that further delay would result in dismissal; (3) further delay would likely prejudice the defendant; (4) the need to alleviate court calendar congestion outweighs plaintiff's right to an opportunity for a day in court; and (5) lesser sanctions would be effective. *See id.* No one factor is dispositive, and a court must consider the record of the entire case as a whole. *Id.* Further, a court may find dismissal warranted due to a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir.1982).

Here, all five factors weigh in favor of dismissal. First, plaintiff has delayed this case for approximately four months by failing to respond to defendants' motion and the Court's orders. *See e.g., Antonio v. Beckford*, No. 05 Civ. 2225, 2006 U.S. Dist. LEXIS 71859, at *7–9, 2006 WL 2819598 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or longer). Second, the Court warned plaintiff in two orders that the Court would dismiss the action if plaintiff failed to respond. (*See* July 3, 2013 Order; Aug. 19, 2013 Order.) Third, a plaintiff's unreasonable delay presumptively prejudices the defendants. *See, e.g., Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999).

Fourth, this action has remained dormant on the Court's docket for several months, and plaintiff has, despite the Court's orders and the warnings therein, provided no indication that he will move the action forward in the future. Indeed, defense counsel represented in his May 29, 2013 letter that plaintiff declined to oppose the motion to dismiss because plaintiff "will not be pursuing the matter." (Doc. No. 13–4.) No lesser sanction than dismissal would be effective, given plaintiff's failure to respond to the Court's two prior orders.

Accordingly, all of the relevant factors support dismissal pursuant to Rule 41(b) for

failure to prosecute.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is DISMISSED.  The Clerk of the Court is directed to enter judgment accordingly, close this case, and mail copies of this Memorandum and Order, and the accompanying Judgment, to plaintiff at the address listed for him on the docket.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

SO ORDERED.

Dated: Brooklyn, New York
      September 12, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge